```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 06-61313-CIV-COHN
                                    MAGISTRATE JUDGE P.A. WHITE

JOE BROWN,                          :

      Plaintiff,                    :

v.                                  :
                                            SUPPLEMENTAL REPORT
OFFICER JOSEPH HANNOLD,             :       OF MAGISTRATE JUDGE

      Defendant.                    :
_____
```

## I.  Introduction

The plaintiff Joe Brown, currently incarcerated at the Lake
Correctional Institution, filed a pro se civil rights complaint
pursuant to 42 U.S.C. §1983 for damages and other relief.  [DE# 1].
The plaintiff has been granted leave to proceed in forma pauperis.


In his Complaint [DE# 1], the plaintiff alleged that on August
21, 2003, Fort Lauderdale Police Officer Joseph Hannold engaged in
an illegal search and seizure.  The plaintiff alleged that Hannold
investigated a burglary, then came upon the plaintiff who was the
victim of a battery.  Hannold searched the plaintiff to find
identification to assist him, with no thought that he had committed
any crime.  Hannold found a jewelry box, and opened it, and
realized it belonged to the burglary victim.  The plaintiff was
arrested for burglary, but the jewelry box evidence was not
admitted at his trial.


On October 23, 2006, the Magistrate Judge issue a Report
finding that the plaintiff had raised sufficient facts so that the
claim of illegal search and seizure in violation of the Fourth
Amendment against the defendant Hannold should proceed beyond the
initial screening in his individual capacity only, as the
allegations were adequate to survive the §1915 screening and the
Rule 12(b)(6) hurdles. [DE# 6].  The Honorable James I. Cohn issued

an Order adopting the recommendations of the Report. [DE# 8].
Hannold has filed an Answer. [DE# 21].

The plaintiff has now filed an Amended Complaint [DE# 22],
alleging that City of Fort Lauderdale Police Officer Tracy Gassett
acted in concert with Hannold in violating his constitutional
rights. The plaintiff seeks to add Gassett as a defendant, and he
also seeks to add as defendants the City of Fort Lauderdale Police
Department and the Chief of Police.

The Amended Complaint [DE# 22] is presently before the Court
for initial screening pursuant to 28 U.S.C. §1915.

## II.  Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as
follows:

Sec. 1915 Proceedings in Forma Pauperis

*    *    *

(e)(2) Notwithstanding any filing fee, or
any portion thereof, that may have been paid,
the court shall dismiss the case at any time
if the court determines that –

*    *    *

(B) the action or appeal –

*    *    *

(i)  is frivolous or malicious;

2

> (ii) fails to state a claim on which
> relief may be granted; or
>
> (iii) seeks monetary relief from a
> defendant who is immune from such
> relief.

The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). When reviewing complaints pursuant to 28 U.S.C. §1915(e)(2)(B), the Court must apply the standard of review set forth in Fed.R.Civ.P. 12(b)(6), and the Court must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998). An action is considered "frivolous" if it is "without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). Although a plaintiff is not held to a very high standard in a motion to dismiss for failure to state a claim, the federal rules do require "a short and plain statement" of the claim that will

3

give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.   See Fed.R.Civ.P. 8(a); Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11 Cir. 2001), cert. denied, 534 U.S. 1129 (2002).  While notice pleading does not require the complainant to allege a fact to cover every element of a claim, "it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  Id. (quotations and citations omitted).  "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11 Cir. 1998).

## Defendant Gassett

The plaintiff alleges that Gassett engaged in an illegal search and seizure by continuing to search him after he had obtained his identification.

The plaintiff has raised sufficient facts so that the claim of illegal search and seizure in violation of the Fourth Amendment against the defendant Gassett should proceed beyond this initial screening, as the allegations are adequate to survive the §1915 screening and the Rule 12(b)(6) hurdles.

The Court notes that "[b]ecause an illegal search or arrest may be followed by a valid conviction, a successful §1983 action for Fourth Amendment search and seizure violations does not necessarily imply the invalidity of a conviction. As a result, Heck v. Humphrey, 512 U.S. 477, 486-487 (1994) does not generally bar such claims." Hughes v. Lott, 350 F.3d 1157, 1160 (11 Cir. 2003) (citations and quotations omitted).  Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a §1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful.

4

See Wallace v. Smith, 145 Fed.Appx. 300, 301-302 (11 Cir. 2005); see also Vickers v. Donahue, 137 Fed. Appx. 285 (11 Cir. 2005)(Not all Fourth Amendment claims fit the exception to Heck, and courts must look both to the claims raised under §1983 and to the specific offenses for which the §1983 claimant was convicted).

The plaintiff has specified that he desires to sue the defendant in his individual and official capacity.  A §1983 suit against the defendant in his official capacity is tantamount to a suit against the State, and thus the defendant would be immune from monetary damages based upon the Eleventh Amendment.  Gamble v. Fla. Dept. of Health and Rehabilitative Services, 779 F.2d 1509, 1512-13 (11 Cir. 1986).   The allegations of the complaint, however, state a classic case of an official acting outside the scope of his duties and in an arbitrary manner.   Scheuer v. Rhodes, 416 U.S. 232, 238 (1974). Under this construction of the complaint, this Court has jurisdiction over the defendant in his individual capacity.  Moreover, a determination of whether the defendant might be entitled to qualified immunity cannot be determined at this juncture or upon consideration of a motion to dismiss.

### City of Fort Lauderdale Police Department

The claim against the City of Fort Lauderdale Police Department must be dismissed because police departments cannot be sued in a federal civil rights action. In Section 1983 actions, police departments cannot be sued, because a police department is merely an administrative arm of the local municipality, and is not a separate judicial entity.  Eddy v. City of Miami, 715 F.Supp. 1553 (S.D.Fla.1989); DeBellis v. Kulp , 166 F.Supp.2d 255, 264 (E.D.Pa.2001).   The City of Fort Lauderdale Police Department is merely an arm of a municipality.

## Chief of Police

The plaintiff has not set forth a cognizable claim for §1983 relief against the unidentified Chief of Police, because public officials in supervisory positions cannot simply be held vicariously liable for the acts of their subordinates.  Robertson v. Sichel, 127 U.S. 507 (1888); Byrd v. Clark, 783 F.2d 1002, 1008 (11 Cir. 1986).  Nor can liability be predicated solely upon the doctrine of respondeat superior in a §1983 action.  Monell v. Department of Social Services, 436 U.S. 658 (1978); Vineyard v. County of Murray, Georgia, 990 F.2d 1207 (11 Cir. 1993).

Further, despite the boilerplate language, the plaintiff has not met his burden of establishing a causal link between a government policy or custom and the injury which is alleged.  Byrd, 783 F.3d at 1008 (citing Monell, supra).

## III.   Recommendation

Based on the foregoing, it is recommended that:

1.    The claim of denial of rights under the Fourth Amendment in the Amended Complaint proceed against Gassett in his individual capacity only.

2.    The City of Fort Lauderdale Police Department and its Chief of Police be dismissed as parties pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 8th day of May, 2007.

_____
UNITED STATES MAGISTRATE JUDGE


cc:   Joe Brown, Pro Se
      DC No. 648740 E-3206-L
      Lake Correctional Institution
      19225 U.S. Highway 27
      Clermont, FL 34715-9025


      Alain E. Boileau, Esq.
      Dieter Klaus Gunther, Esq.
      Adorno & Yoss
      888 S.E. 3rd Avenue
      Suite 500
      Fort Lauderdale, FL 33335-9002