UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-61313-CIV-COHN

JOE BROWN,

Magistrate Judge White

    Plaintiff,

vs.

OFFICER JOSEPH HANNOLD,

    Defendant.
_____/

## ORDER ADOPTING REPORTS AND RECOMMENDATIONS
## ORDER ON REMAINING PENDING MOTIONS
## ORDER SETTING CASE FOR TRIAL

THIS CAUSE is before the Court upon the Second Supplemental Report and Recommendation of Magistrate Judge regarding Plaintiff's Second Amended Complaint [DE 43], Plaintiff's Motion to Amend Pretrial Statement [DE 50], the Magistrate Judge's Report that case is ready for trial [DE 51], Plaintiff's Motion for Entry of Default [DE 54], Plaintiff's Motion for Summary Judgment [DE 56] and Plaintiff's Motion to Transfer Case to Fort Lauderdale [DE 61].  The Court has carefully reviewed the motions and is otherwise fully advised in the premises.

### I. SECOND AMENDED COMPLAINT

On September 5, 2007, this Court granted Plaintiff Joe Brown a 30 day extension to object to the August 6, 2007 Second Supplemental Report and Recommendation of the Magistrate Judge, which recommended denying Plaintiff's motion to file a second amended complaint.  The objections that were originally due by August 27, 2007 were due by September 27, 2007.  On September 27, 2007, Plaintiff Brown submitted another

motion for extension of time to prison officials [DE 47] and then a third motion on October 29, 2007 [DE 49]. Plaintiff asserts that he was transferred to Everglades C.I. on October 5, 2007 and did not have time to file his objections. In an abundance of caution and with respect to Plaintiff Brown's procedural rights, on December 21, 2007, this Court granted these extension motions and set January 18, 2008 for Plaintiff's Brown's objections. Plaintiff failed to file any objections.[1]

Even though Plaintiff did not file objections to the Second Supplemental Report and Recommendation, the Court has performed a de novo review of the Report and is otherwise fully advised in the premises. Plaintiff Joe Brown filed this action for an illegal search and seizure pursuant to the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and the Civil Rights Act, 42 U.S.C. § 1983, against police officer Joseph Hannold. The Magistrate Judge did an initial review of the Complaint pursuant to 28 U.S.C. § 1915 [DE 6]. The Report and Recommendation, approved by the undersigned, allowed a claim to proceed against Officer Hannold for the alleged violations of the Fourth Amendment [DE 8].

After Officer Hannold filed an answer to that claim, Plaintiff filed an Amended Complaint adding Officer Gassett and the City of Fort Lauderdale as Defendants [DE 22]. The Magistrate Judge again screened the Amended Complaint, and recommended that a claim against Officer Gassett, individually, for denial of rights under the Fourth Amendment, be allowed to continue, while the claims against the City of Fort Lauderdale

---

[1] Instead, on January 24, 2008, Plaintiff Brown moved for default judgment (see below).

Police Department and its Chief of Police be dismissed for failure to state a claim [DE 24]. The Court agreed with the reasoning and analysis of the Magistrate Judge and adopted that report [DE 41].

Plaintiff then filed a Second Amended Complaint, which again sought to bring a claim against the City of Fort Lauderdale Police Department and its Chief of Police [DE 42]. The Court again agrees with the Magistrate Judge that Plaintiff has failed to allege a particular custom, policy or practice that implicates the Chief of Police in this case. Therefore, leave of court is denied to Plaintiff to proceed on his Second Amended Complaint.  The Court also adopts the Magistrate Report that this case may proceed t to trial [DE 51].  Plaintiff may now proceed to trial with his claims against Officer Hannold and Officer Gassett in his First Amended Complaint [DE 22].

## II.  REMAINING MOTIONS

Instead of filing objections, Plaintiff moved for default judgment against Officers Hannold and Gassett for failing to file any dispositive motions.  As these officers did file Answers to the Amended Complaint [DE's 33 and 34], default is not appropriate.  Plaintiff also moved for summary judgment against these officers for their failure to file anything after the Magistrate Judge's last report, but this motion was filed well after the deadline for summary judgment motions.  Finally, Plaintiff had previously moved to amend his pretrial statement [DE 50].  This motion is granted to the extent it referred to attached exhibits.[2]

---

[2] It appears the only exhibit attached was Officer Hannold's response to interrogatories in Exhibit B (Exhibit A merely being Defendant's Answer to the Complaint, which is generally not admissible).

3

### III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Second Supplemental Report and Recommendation of Magistrate Judge regarding Plaintiff's Second Amended Complaint [DE 43] is hereby **ADOPTED**;

2. Leave of Court is denied with regard to the filing of the Second Amended Complaint, and it shall be deemed stricken;

3. The claim of denial of rights under the Fourth Amendment (search and seizure) in the Amended Complaint proceed against Officers Hannold and Gassett in their individual capacity only;

4. The City of Fort Lauderdale Police Department and its Chief of Police remain dismissed as parties pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted;

5. Plaintiff's Motion to Amend Pretrial Statement [DE 50] is hereby **GRANTED**, as to those documents attached to the motion;

6. Plaintiff's Motion for Entry of Default [DE 54] is hereby **DENIED**;

7. Plaintiff's Motion for Summary Judgment [DE 56] is hereby **DENIED**;

8. Plaintiff's Motion to Transfer Case to Fort Lauderdale [DE 61] is denied as moot, as this case always has been a Fort Lauderdale case;

9. The Magistrate Judge's Report that case is ready for trial [DE 51] is hereby **ADOPTED**;

10. This case is set for trial on the two week docket commencing July 28, 2008, with the Calendar Call set for Thursday, July 24, 2008 at 9:00am in Courtroom 203E of the

United States Courthouse, 299 E. Broward Blvd., Fort Lauderdale, Florida;

11. Any motions in limine shall be due by July 3, 2008;

12. Plaintiff is responsible for ensuring that any witnesses he plans to call are properly subpoenaed for trial.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 2nd day of June, 2008.

JAMES I. COHN
United States District Judge

copies to:

U.S. Mag. Judge Patrick White

Joe Brown, pro se
DC # 648740
Tomaka Correctional Inst.
3950 Tiger Bay Road
Daytona Beach, FL 32124-1098

Alain Boileau, Esq./Dieter Gunther, Esq.

5