UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-61313-CIV-COHN

JOE BROWN,

    Magistrate Judge White

    Plaintiff,

vs.

OFFICER JOSEPH HANNOLD,

    Defendant.
_____/

**ORDER DENYING MOTION TO APPOINT COUNSEL**

THIS CAUSE is before the Court upon the Plaintiff's Ore Tenus Motion at Calendar Call renewing his prior requests to appoint counsel.  The Court denied the motion at Calendar Call but promised Mr. Brown a written order on this issue.  The Court has carefully reviewed the motions and is otherwise fully advised in the premises.

Plaintiff's claims for trial in this Section 1983 civil rights action are for denial of rights under the Fourth Amendment (search and seizure) against Officers Hannold and Gassett in their individual capacity.  Plaintiff initially moved for appointment of counsel on April 16, 2007 [DE 14].  Plaintiff's two-page motion raised general arguments that Plaintiff was incarcerated, could not afford counsel, had limited law library access, a trial would involve cross-examination, and the issues were complex.  The motion was denied without a written order by United States Magistrate Judge Patrick White on April 18, 2007 [DE 15].

Plaintiff did not appeal this ruling to the undersigned District Court Judge.  Rather, on June 14, 2007, he filed a Supplemental Motion to Appoint Counsel, which was only docketed as a Supplement to the prior motion [DE 37].  Thus, the filing was not

recorded as a motion and Judge White did not address it.  This Supplemental filing, however, only added that Plaintiff was housed in a "psyche camp," took "psychotropic medication daily for major depression disorder," and therefore "is not competent" to proceed in this litigation.  Id.  Plaintiff continued to litigate his civil rights claims.

On February 15, 2008, Plaintiff filed a Notice of Inquiry regarding his previously filed Motion to Appoint Counsel [DE 58].  This Notice was filed during briefing on Plaintiff's Motion for Summary Judgment [DE 56] before Judge White.  Attached to this Notice of Inquiry were psychiatric evaluations performed on November 11, 2004 and October 29, 2003 during his state criminal case proceeding [DE 58].  These evaluations concluded that Plaintiff was competent to stand trial in the state court criminal action.

At Calendar Call last week, Plaintiff raised the issue of appointment of counsel, stating that he had not received a ruling on the above submissions, thus presenting the issue to the undersigned for the first time.  In the prior Notice of Inquiry and in open court, Plaintiff cited to the case of Parham v. Johnson, 126 F.3d 454, 461 (3rd Cir. 1997), in which the United States Court of Appeals for the Third Circuit reversed the district court's denial of appointment of counsel in a deliberate indifference Eighth Amendment civil rights action under Section 1983.  Upon a review of this case, this Court concludes that Parham is distinguishable because it involved a case of deliberate indifference to medical needs, in which the Third Circuit concluded that the inmate plaintiff would need to present expert medical testimony to prove his case against the prison physician.  The case at bar is a relatively simple case of an illegal search of a

pants pocket, involving no need for expert testimony.[1]

The United States Court of Appeals for the Eleventh Circuit, which governs this Court, stated that in the context of an incarcerated plaintiff that:

> A civil litigant, including a prisoner pursuing a section 1983 action, has no absolute constitutional right to the appointment of counsel. Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir.1985); Mekdeci v. Merrell Nat'l Laboratories, 711 F.2d 1510, 1522 n. 19 (11th Cir.1983). The appointment of counsel is instead a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner. Wahl, 773 F.2d at 1174.

Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987); see also Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993) ("The key is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help.").

Applying this standard to the facts and law of the present case, and having had the benefit of observing Plaintiff present his motion at Calendar Call and discussing his controlled medical condition, the Court concludes that this pro se litigant does not meet the standard to have counsel appointed for this action.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Ore Tenus Motion at Calendar Call renewing his prior requests to appoint counsel is hereby **DENIED**;

2. This case remains on for trial commencing Tuesday, August 5, 2008 at 9:00am in

---

[1] The only fact that makes the present case slightly above a simple case is the fact that Plaintiff was convicted of the underlying burglary charge in state criminal court even though the state court judge granted his motion to suppress the search of his person.

3

the United States Courthouse, 299 East Broward Blvd., Fort Lauderdale, Florida, in Courtroom 203E.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 28th day of July, 2008.

_____
JAMES I. COHN
United States District Judge

copies to:

Joe Brown, pro se
DC # 648740
Tomaka Correctional Inst.
3950 Tiger Bay Road
Daytona Beach, FL 32124-1098

Robert Schwartz, Esq.